IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IN RE NATURE'S SUNSHINE PRODUCTS, INC. SECURITIES LITIGATION | MEMORANDUM DECISION AND ORDER APPOINTING LEAD PLAINTIFFS, AND APPROVING LEAD PLAINTIFF'S SELECTION OF COUNSEL <br><br> Case No. Case No. 2:06-CV-267 TS |

This matter comes before the Court on various motions to appoint a lead plaintiff and counsel in this consolidated class action securities litigation case. The four plaintiffs with motions, along with their corresponding counsel are: (1) Garth Iorg and counsel Schiffrin & Barroway LLP;[1] (2) Toshihiko Sanada and counsels Cohen, Milstein, Hausfeld & Toll P.L.L.C. and Howard, Phillips & Andersen, P.C.;[2] (3) Dr. Jan Wade Gilbert and counsel Climaco,

---

[1]Docket No. 23.

[2]Docket No. 15.

Lefkowitz, Peca, Wilcox & Garofoli Co., LPA;[3] and (4) the Crosetto Group and counsel The Rosen Law Firm P.A.[4]  Each Plaintiff has submitted a Motion for Appointment as Lead Plaintiff and to Approve Proposed Plaintiff's Choice of Counsel.  Hearing on the motions was held August 15, 2006.  All Plaintiffs, with the exception of Plaintiff Iorg, attended.  For the below reasons, the Crossetto Group's motion is granted, and the remaining plaintiffs' motions are denied.

The Private Securities Litigation Reform Act of 1995 (PSLRA) directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.[5]  The PSLRA provides a rebuttable presumption that the most adequate plaintiff to serve as lead plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.[6]

The declaration of counsel submitted to the Court, along with oral argument, convinces the Court that the Crosetto Group, consisting of Fred Crosetto, Lee Tiah Hong (Jane), and Loh

---

[3] Docket No. 56.

[4] Docket No. 18.

[5] 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

[6] *Id.* § 78u-4(a)(3)(B)(iii). *See also Meyer v. Paradigm Med. Indust.*, 225 F.R.D. 678, 680 (D. Utah 2004).

Chee Kuang, has suffered the largest monetary loss of all the proposed lead plaintiffs before the Court, and has otherwise made the proper filings and met the requirements of Rule 23, and is therefore the most adequate lead plaintiff in accordance with Section 27(a)(3)(B) of the Securities Act of 1934, 15 U.S.C. § 77z-1(a)(3)(B).

In connection with its finding that the Crosetto Group has suffered the largest financial loss, this Court finds that aggregation of the individual members' losses within the group is appropriate.  In *Meyer v. Paradigm Med. Indust.*, some unrelated parties' attempt to aggregate "on the eve" of hearing was rejected by the court when the parties had demonstrated "no real indications of cooperation such as conference calls or shared strategies about how to pursue the litigation."[7]  On the other hand, the aggregation of other unrelated parties was allowed because they had "sought to work together and pursue the litigation as a team long before the hearing date."[8]

It is clear in this case that the Crosetto Group, although comprised of unrelated members, did not combine at the last minute, but rather, have been together long before the hearing date. The members of the group have also submitted affidavits demonstrating the cooperative intentions and efforts of the group.[9]  The Court therefore finds that the group was properly formed and that aggregation in this case is appropriate.  Through aggregation, the Crosetto Group clearly has the largest financial interest as compared to the losses of the other Plaintiffs, and by also meeting the other requirements, becomes the presumptive most adequate lead plaintiff.

---

[7] *Meyer*, 25 F.R.D. at 683.

[8] *Id.*

[9] Docket No. 34, Exhibit A.

This Court also finds that the presumption in favor of the Crosetto Group has not convincingly been rebutted. "Th[e] presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff–(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. . .'" [10] As to adequacy, "[t]he PSLRA directs courts to limit [their] inquiry . . . to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class" using a two-step analysis.[11] "First, there must be an absence of potential conflict between the named plaintiffs and other class members. Second, the counsel chosen by the representative party must be 'qualified, experienced and able to vigorously conduct the proposed litigation.'"[12]

This Court finds that there are no conflicts between the Crosetto Group and other class members that preclude a finding of adequacy, and that the Crosetto Group's chosen counsel, the Rosen Law Firm as lead counsel, and Hatch James & Dodge as liaison counsel, are qualified, experienced and able to vigorously conduct the proposed litigation. This Court further finds that the Crosetto group is not subject to any unique defenses.

---

[10] *Meyer*, 225 F.R.D. at 680 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)-(II) and *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 350 (S.D. Cal. 1998)).

[11] *Meyer*, 225 F.R.D. at 681 (citing *In re Ribozyme Pharmaceuticals Sec. Litig.*, 192 F.R.D. 656, 659 (D. Colo. 2000)).

[12] *Id.*

The Court, having considered the various motions by plaintiffs for appointment, and for approval of lead plaintiff's selection of lead counsel, the memoranda of law and declarations submitted in support and opposition thereof, along with oral argument, hereby orders as follows:

1. Pursuant to Section 21D(a)(3)(B) of the 1934 Act, 15 U.S.C. § 77z-1(a)(3)(B), the Crosetto Group, consisting of Fred Crosetto; Lee Tiah Hong, Jane; and Loh Chee Kuang are appointed lead plaintiffs for the class.

2. Lead plaintiffs' selection of counsel is approved pursuant to Section 21D(a)(3)(B)(v) of the 1934 Act, 15 U.S.C. § 77-1(a)(3)(B)(v), the Rosen Law Firm P.A. is appointed as lead counsel, and Hatch James & Dodge is appointed as liaison counsel for the proposed class in the consolidated action.

3. The motions of Plaintiffs Garth Iorg, Jan Wade Gilbert, and Toshihiko Sanada are denied.

DATED   August 16, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge