IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IN RE NATURE'S SUNSHINE PRODUCTS SECURITIES LITIGATION, | MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFFS' RULE 72 PARTIAL OBJECTION TO THE MAGISTRATE JUDGE'S ORDER<br><br>Case No. 2:06-CV-267 TS |

This matter comes before the Court on Plaintiffs' Rule 72 Partial Objection to the Magistrate Judge's Order,[1] granting Defendants' Motion for Protective Order and denying, in part, Plaintiffs' Motion to Compel.[2] For the reasons set forth below, the Court will overrule Plaintiffs' Objections.

I.  BACKGROUND

This dispute arises out of a subpoena directed to Defendant NSP's auditor KPMG. In that subpoena, Plaintiffs sought documents relating to an internal investigation of NSP conducted

---

[1]Docket No. 167.

[2]Plaintiffs do not object to the Order to the extent that it granted their Motion to Compel.

1

by a law firm (Wolf Block) at the request of NSP. KPMG refused to turn over these documents because NSP had claimed that they were privileged. Plaintiffs brought a Motion to Compel seeking these documents. In turn, NSP filed a Motion for Protective Order, seeking an order from the Court preventing the disclosure of these materials to Plaintiffs.

On May 8, 2008, the Magistrate Judge held a hearing on the cross motions. At the conclusion of the hearing, the Magistrate Judge ruled that: (1) the internal investigation documents NSP provided to KPMG were subject to work product immunity and should not be produced; (2) there was no waiver of work product immunity; and (3) KPMG would have to produce its audit work papers for 2004 and 2005.[3]

Plaintiffs raise four objections to the Magistrate Judge's ruling. First, Plaintiffs argue that the Magistrate Judge's ruling that the internal investigation documents NSP provided to KPMG were work product was clearly erroneous and contrary to law. Second, Plaintiffs contend that the Magistrate Judge improperly found that NSP did not waive the attorney-client privilege for communications it disclosed to KMPG. Third, Plaintiffs state that the Magistrate Judge erred when he found the NSP did not waive work product immunity when it produced the internal investigation documents to KPMG. Finally, Plaintiffs argue that the Magistrate Judge erred in denying their Motion to Compel in relation to the "other stuff" which KPMG produced to the government.

---

[3]*See* Docket No. 167.

## II.  STANDARD OF REVIEW

As the Magistrate Judge's ruling dealt solely with nondispositive matters, Federal Rule of Civil Procedure 72(a) directs that this Court employ a "clearly erroneous or contrary to law" standard of review.  Under the clearly erroneous standard, this court will affirm the Magistrate Judge's ruling "unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4]  Courts recognize that wide discretion is given to the Magistrate Judge in discovery rulings.[5]

## III.  DISCUSSION

The Court will first address Plaintiffs' second objection—that the Magistrate improperly found that NSP did not waive the attorney-client privilege for communications it disclosed to KMPG.  Having reviewed the Order and the record before it, the Court cannot find that the Magistrate Judge made such a ruling.  While it is true that Plaintiffs raised this issue in their Motion to Compel,[6] the Magistrate Judge simply did not rule on this issue.  Therefore, it is not properly before the Court and Plaintiffs' objection on this ground must be overruled

As to Plaintiffs' first and third objections—that the Magistrate erred in ruling that the internal investigation documents NSP provided to KPMG were work product and that NSP did not waive work product immunity when it produced those documents to KPMG—the Court cannot find that those rulings were clearly erroneous or contrary to law.  Having reviewed the Magistrate Judge's ruling, the materials submitted by the parties, and the relevant case law, the

---

[4]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *U.S. v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[5]*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1300 (10th Cir.1999).

[6]*See* Docket No. 129, at 17–18.

Court is not left with the definite and firm conviction that a mistake has been committed. Thus, the Court will overrule those objections.

Plaintiffs' final objection is that the Magistrate erred in denying their Motion to Compel in relation to the "other stuff" which KPMG produced to the government. At oral argument, KPMG clarified that this "other stuff" included the desk files and other documents maintained by KPMG. The Magistrate Judge's ruling left open the possibility for Plaintiffs to request additional documents.[7] The Court finds that Plaintiffs' objection on this matter is premature. The better procedure would be to bring this issue before the Magistrate Judge to allow a ruling on these matters in the first instance. Therefore, this objection is overruled.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Rule 72 Partial Objection to the Magistrate Judge's Order (Docket No. 165) is OVERRULED.

DATED   September 23, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7] Docket No. 167, at 3–4; Docket No. 165, Ex. 1, 71:5–11.