FILED
U.S. DISTRICT COURT

2009 OCT -8  P 1:52

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE NATURE'S SUNSHINE PRODUCTS SECURITIES LITIGATION, <br><br> This Document relates to: All Actions. | Master File No. 2:06cv00267 TS <br><br> (Consolidated with 2:06cv00287 DB, 2:06cv00311 DAK, 2:06cv00350 BSJ and 2:06cv00442 DB) <br><br> Judge Ted Stewart <br><br> Magistrate Judge Samuel Alba |

**[PROPOSED] PRELIMINARY ORDER APPROVING MOTION FOR
(I) PRELIMINARY APPROVAL OF STIPULATION OF SETTLEMENT;
(II) PRELIMINARY CLASS CERTIFICATION;
(III) APPROVAL OF FORM AND MANNER OF NOTICE; AND
(IV) SCHEDULING A FINAL APPROVAL HEARING
IN CONNECTION WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on September 14, 2009, the parties to the above-entitled Litigation (the "Litigation"), along with The Cincinnati Insurance Company, the D&O insurance carrier for Defendants, entered into a Stipulation of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and

WHEREAS, the Court having read and considered the Stipulation and the accompanying exhibits; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HERBY ORDERED, this _8th_ day of _October_, 2009 that:

4827-2868-6852.3

1. For the purposes of this Order, the Court adopts and incorporates by reference all terms defined in the Stipulation attached hereto as Exhibit A.

2. The Court hereby preliminarily certifies for the purposes of settlement only and subject to further consideration at the Settlement Hearing described below, pursuant to Rules 23(b)(3) and 23(e) of the Federal Rules of Civil Procedure, a class consisting of all persons who purchased the common stock of Nature's Sunshine Products, Inc. ("NSP") from April 23, 2002 through and including April 5, 2006 (the "Settlement Class"). Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, individuals who served as directors and/or officers of NSP during any portion of the Settlement Class Period, the legal representatives, heirs, successors, or assigns of any such excluded Person, and any entity in which any Defendant or any excluded Person has a controlling interest.

3. The Court hereby finds that pursuant to Rule 23(a) and (b)(3), for purposes of settlement only and subject to further consideration at the Settlement Hearing described below, that:

    (a) the Settlement Class is so numerous that joinder is impracticable; and

    (b) there are questions of law or fact common to the Settlement Class; and

    (c) the claims or defenses of Plaintiffs are typical of the Settlement Class Members;

    (d) Plaintiffs and Settlement Class Counsel will adequately protect the interests of the Settlement Class;

    (e) questions of law or fact common to all Settlement Class Members predominate over individual issues and class adjudication is superior to other methods for fairly and efficiently adjudicating the claims of the Settlement Class Members.

    4. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on <u>February 9</u>, 20<u>10</u>, at <u>2:00 p</u>.m. for the following purposes:

  (a) to finally determine whether this action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

  (b) to determine whether the proposed settlement is fair, reasonable, and adequate, and should be approved by the Court;

  (c) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Persons;

  (d) to determine whether the proposed Plan of Allocation for the proceeds of the settlement is fair and reasonable, and should be approved by the Court;

  (e) to consider Settlement Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses;

  (f) to consider Settlement Class Counsel's application for incentive awards to the Class Representatives in consideration of the time, effort, and money they have expended on behalf of the Settlement Class; and

  (g) to rule upon such other matters as the Court may deem appropriate.

    5. The Court reserves the right to approve the Stipulation with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation, or awarded attorneys' fees and expenses to Settlement Class Counsel, or entered incentive awards in favor of the Class Representatives.

6.  The Court approves, for purposes of settlement only and subject to further consideration at the Settlement Hearing, the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits B and C, respectively.

7.  The Court approves, for the purposes of settlement only and subject to further consideration at the Settlement Hearing, the appointment of Strategic Claims Services as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim form, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before October 26th, 2009 (the "Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Pursuant to the terms of the Stipulation, Defendants shall cause NSP's transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Settlement Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased NSP common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim form to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim form promptly to such identified beneficial owners. Nominee purchases who elect to send the Notice and Proof of Claim form to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Lead Class Counsel shall, seven (7) days

before the Settlement Hearing, file with the Court proof of mailing of the Notices and Proof of Claim forms.

8. The Court, for purposes of settlement only and subject to further consideration at the Settlement Hearing, approves the form of Publication Notice in substantially the form and content annexed hereto as Exhibit D and directs that Lead Class Counsel shall cause the Publication Notice to be published in Investors' Business Daily and transmitted over MarketWire news service within ten (10) days after the Notice Date. Lead Class Counsel shall file proof of publication of the published notice with the Court seven days before the Settlement Hearing.

9. The Court, for purposes of settlement only and subject to further consideration at the Settlement Hearing, finds that the form and content of the Notice, and the method set forth herein of notifying the Settlement Class of the Stipulation and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the settlement is effected in accordance with the terms and conditions set forth in the settlement, each Settlement Class Member shall take the following actions and be subject to the following conditions:

  (a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit C, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked

not later than January 19, 2010. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as may be deemed adequate; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims against the Defendants and their Related Parties as provided in the Stipulation.

11. Settlement Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be

excluded from the Settlement Class in the *In re Nature's Sunshine Products Securities Litigation*, and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and the type(s) and amounts(s) of all purchases and sales of NSP common stock during the Settlement Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13. The Court will consider comments and/or objections to the Stipulation, the Plan of Allocation, the request for an award of attorneys' fees and reimbursement of costs and expenses, or the request for incentive awards for the Class Representatives only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the District of Utah, 350 South Main Street, Salt Lake City, Utah 84101-2180, and copies of all such papers are served, on or before fourteen (14) days before the Settlement Hearing upon each of the following: Phillip Kim, Esq., The Rosen Law Firm, P.A., 350 Fifth Avenue, Suite 5508, New York, New York 10118, on behalf of the Settlement Class Representatives and the Settlement Class Members; and Raymond J. Etcheverry, Esq., Parsons Behle & Latimer, 201 South Main Street, Suite 1800, Salt Lake City, Utah 84111, on behalf of the Defendants. Attendance at the hearing is not necessary; however, persons wishing to be heard are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Stipulation, the Plan of Allocation,

Settlement Class Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses, and/or Settlement Class Counsel's application for incentive awards for the Class Representatives are not required to present any evidence. However, if they intend to object such persons must include in their written objections whether they intend to present any evidence, and if so, must provide the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

14. Pending final determination of whether the Stipulation should be approved, the Settlement Class Representatives, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts any of the Released Claims against any Released Persons.

15. Defendants' Insurer, The Cincinnati Insurance Company, is ordered to pay the $6.0 million Settlement Fund to the Escrow Agent within ten (10) days of entry of this Order, pursuant to ¶ 2.3 of the Stipulation of Settlement.

16. As provided in the Stipulation, Lead Class Counsel may authorize and direct the Escrow Agent to pay taxes and the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Stipulation out of the Gross Settlement Fund without further order of the Court or approval from Defendants or their counsel.

17. If: (a) the settlement is terminated by Defendants pursuant to ¶ 7.6 of the Stipulation; or (b) any specified condition to the Stipulation is not satisfied and the settlement is terminated as provided in ¶ 7.3 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no

further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position immediately prior to the execution of the Stipulation.

18. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the settlement.

DATED _October 8th_, 2009.

_____
Honorable Ted Stewart
UNITED STATES DISTRICT JUDGE