FILED
U.S. DISTRICT COURT

2010 FEB 10  A 8:07

DISTRICT OF UTAH

BY: _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE NATURE'S SUNSHINE PRODUCTS SECURITIES LITIGATION, | Master File No. 2:06cv00267 TS |
| This Document relates to: All Actions. | (Consolidated with 2:06cv00287 DB, 2:06cv00311 DAK, 2:06cv00350 BSJ and 2:06cv00442 DB) |
| | Judge Ted Stewart |
| | Magistrate Judge Samuel Alba |

## ORDER AND FINAL JUDGMENT

On the 9th day of February, 2010, the Court held a hearing to determine: (1) whether the terms and conditions of the Stipulation of Settlement filed herein on September 14, 2009 (Docket No. 206), as amended by the Court's Order dated October 15, 2009 (Docket No. 212) (collectively, the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Settlement Class against Defendants in the Complaint in the above-captioned litigation (the "Litigation"), including the release of Defendants, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; (4) whether and in what amount to award Settlement Class Counsel fees and reimbursement of expenses; and (5) whether and in what amount to award the

Settlement Class Representatives for the time, effort, and money expended by them on behalf of the Settlement Class.

The Court has considered all matters submitted at the hearing and otherwise; and it appears that a notice of the Settlement Hearing, substantially in the form approved by the Court, was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Nature's Sunshine Products, Inc. ("NSP") between April 23, 2002 and April 5, 2006, inclusive (the "Settlement Class Period"), except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of NSP's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the Settlement Hearing, substantially in the form approved by the Court, was published in Investors' Business Daily and transmitted over MarketWire news service pursuant to the specifications of the Court; and the Court has considered Settlement Class Counsel's request for an award of attorneys' fees and expenses and determined that such request is fair and reasonable.

NOW, THEREFORE, THE COURT MAKES THE FOLLOWING FINDINGS OF FACT AND HEREBY ORDERS THAT:

1. For the purposes of this Order, the Court adopts and incorporates by reference all terms defined in the Stipulation (as defined above).

2. The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, all Settlement Class Members, the Defendants, and Defendants' Insurer, The Cincinnati Insurance Company.

3. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class

Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons who purchased NSP common stock between April 23, 2002 and April 5, 2006, inclusive. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants, individuals who served as directors and/or officers of NSP during any portion of the Settlement Class Period, the legal representatives, heirs, successors or assigns of any such excluded Person, and any entity in which any Defendant or any excluded Person has a controlling interest. The Court finds that no person or entity who would otherwise have been a member of the Settlement Class has validly requested exclusion from the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Plaintiffs as Settlement Class Representatives and confirms the appointment of the Rosen Law Firm, P.A. as Lead Class Counsel and Hatch, James & Dodge as Liaison Class Counsel (collectively, "Settlement Class Counsel"). The Court also confirms the appointment of Strategic Claims Services as the Claims Administrator and Huntington National Bank as the Escrow Agent.

6. Notice of the pendency of this Litigation as a class action and of the proposed Stipulation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the Stipulation met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Stipulation is not an admission by Defendants of, and this Order and Final Judgment is not a finding of, the validity of any claims in the Litigation or of any wrongdoing by the Defendants. Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the settlement, is or may be construed as or may be used as an admission by or against any of Defendants or their Related Parties of any fault, wrongdoing or liability whatsoever, and neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein shall be offered or received in evidence in any action or proceeding against any of Defendants or their Related Parties in any court, administrative agency, arbitration or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Order and Final Judgment or the Stipulation. Neither this Order and Final Judgment, nor the Stipulation, nor any document referred to therein, nor any action taken to carry out the settlement, is or may be construed as or received in evidence as an admission, concession or presumption against the proposed Settlement Class Representatives or

any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

8. The settlement is approved as fair, reasonable, and adequate, and the Settlement Class Members and the parties are directed to consummate the settlement in accordance with the terms and provisions of the Stipulation.

9. The Complaint is hereby dismissed with prejudice and without costs as against any party.

10. The Settlement Class Representatives and members of the Settlement Class on behalf of themselves, their past or present subsidiaries, parents, successors, predecessors, officers, directors, agents, employees, attorneys, advisors, investment advisors, insurers, auditors, and accountants, legal representatives, heirs, executors, trustees, administrators, and assigns shall hereby release and forever discharge each and every one of the Released Claims, and shall hereby forever be enjoined from prosecuting the Released Claims against any of Defendants or their Related Parties.

11. The Settlement Class Representatives and all Settlement Class Members, whether or not they file a Proof of Claim within the time provided for, and whether or not they receive any distributions from the Settlement Fund, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting the Released Claims.

12. Each of Defendants, on behalf of themselves and their Related Parties, shall hereby release and forever discharge each and every one of the Released Defendants' Claims,

and shall hereby forever be enjoined from prosecuting the Released Defendants' Claims against the Settlement Class Representative, all Settlement Class Members and their counsel.

13. To the maximum extent permitted by law, the Court hereby bars (a) any action or claim for contribution or indemnification arising out of the Litigation against any of Defendants and (b) any action or claim for contribution or indemnification arising out of the Litigation by or on behalf of any of Defendants.

14. Other than those responsibilities designated in the Stipulation to Released Persons and their counsel in conjunction with the administration, execution and completion of this settlement, the Released Persons and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to, the investment or distribution of the Settlement Fund, the Plan of Allocation, the determination, administration, calculation or payment of Settlement Class Members' claims, the payment or withholding of any local, state or federal governmental charge, levy, or tax lawfully imposed thereon, or any losses incurred in connection therewith.

15. The Plan of Allocation is approved as fair and reasonable, and Lead Class Counsel and the Claims Administrator are directed to administer the settlement in accordance with the terms and provisions of the Stipulation.

16. Upon review of the record, the Court finds that all parties and their counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil procedure as to every complaint, responsive pleading, and dispositive motion herein.

17. Settlement Class Counsel are hereby awarded one-third ($2 million) of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $241,639.87 in reimbursement of expenses, which fees and expenses shall be paid to Settlement Class Counsel

from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns. The award of attorneys' fees shall be allocated between Lead Class Counsel and Liaison Class Counsel in a fashion which, in the opinion of Lead Class Counsel, fairly compensates the attorneys for their respective contributions in the prosecution of the Litigation.

18. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) The settlement has created a fund of $6 million (Six Million U.S. Dollars) in cash that is already on deposit, plus interest thereon, and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the settlement created by Settlement Class Counsel;

(b) Over 14,000 copies of the Notice were disseminated to putative Settlement Class Members indicating that Settlement Class Counsel were moving for attorneys' fees in an amount not greater than $2 million (or one-third of the Gross Settlement Fund) and for reimbursement of expenses in an amount not to exceed $250,000.00 and no objections were filed against the terms of the proposed Stipulation or the ceiling on the fees and expenses requested by Settlement Class Counsel contained in the Notice;

(c) Settlement Class Counsel have conducted the Litigation and achieved the substantial settlement with skill, perseverance and diligent advocacy;

(d) The Litigation involves complex factual and legal issues and was actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Settlement Class Counsel not achieved the settlement there would remain a significant risk that the Settlement Class Representatives and the Settlement Class may have recovered less or nothing from Defendants;

(f) Settlement Class Counsel have devoted over 4,156.85 hours, with a lodestar value of $1,829,723.50, to achieve the settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

19. Settlement Class Representatives Loh Chee Kuang, Rick Kader, and Peter Rathmann, having petitioned the Court for incentive awards for the time, effort, and money expended by them on behalf of the Settlement Class, are each awarded $1,500.00 from the Settlement Fund.

20. The Court reserves jurisdiction, without affecting the finality of this Judgment, over the parties to the Stipulation and the Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

21.   Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

DATED February 9, 2010.

_____
Honorable Ted Stewart
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

THE ROSEN LAW FIRM, P.A.

/s/ Phillip Kim
Phillip Kim
Laurence M. Rosen

**Lead Counsel for Plaintiffs**

PARSONS BEHLE & LATIMER

/s/ Raymond J. Etcheverry
(Signed by filing attorney with counsel's permission)
Raymond J. Etcheverry
Kent O. Roche
Erik A. Christiansen

**Attorneys for Defendants**

4829-6867-9940.4

9